

# IN THE
# TENTH COURT OF APPEALS

**No. 10-12-00420-CR**
**No. 10-13-00122-CR**
**No. 10-13-00123-CR**
**No. 10-13-00124-CR**

**JUAN MANUAL GONZALES,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court Nos. 2011-2074-C1,**
**2011-2460-C1, 2012-534-C1 and 2012-541-C1**

## MEMORANDUM OPINION

In Cause No. 10-12-00420-CR, Juan Manuel Gonzales pleaded guilty to the offense of delivery of a controlled substance. In Cause Nos. 10-13-00122-CR, 10-13-00123-CR, and 10-13-00124-CR, Gonzales also pleaded guilty to the offense of delivery of a controlled substance. Gonzales pleaded true to the enhancement and habitual

allegations, and in each cause number, the jury assessed punishment at 99 years confinement. We affirm.

## Background Facts

Officer Scott Vaughn, with the Waco Police Department, testified that he worked in an undercover capacity in the Drug Enforcement Unit. Vaughn met with Gonzales on four occasions and purchased methamphetamine. During one of the purchases, Gonzales introduced Officer Vaughn to Marcus Bautista and told Officer Vaughn that he would be dealing with Bautista for a while. Officer Vaughn would still contact Gonzales, but would meet Bautista for the purchase.

## Jury Deliberation

Gonzales brings two issues in each cause number. Gonzales first argues that the trial court impermissibly restricted the jury to consider either a 99 year sentence or life imprisonment. The jury initially returned a verdict of "99 years or life" on each of the four verdict forms. The trial court instructed the jury to return to the jury room and correct the verdict to indicate either 99 years or life on each verdict page. The jury returned a verdict of 99 years.

Gonzales did not object to the trial court's instructions to the jury and has waived any error. TEX.R.APP.P. 33.1. Moreover, the jury's initial verdict indicated that they narrowed the decision to either 99 years or life. Gonzales has not shown that he was harmed by the trial court's instruction to select only one of those options. *See* TEX.R.APP.P. 44.2 (b). We overrule the first issue.

**Exclusion of Evidence**

In the second issue, Gonzales argues that the trial court erred in excluding evidence of the length of Marcus Bautista's sentence. Gonzales attempted to offer evidence of Bautista's sentence for delivery of methamphetamine to Officer Vaughn. The trial court excluded the evidence finding that it would be "confusing to the jury" to hear the length of sentence of another individual "who may have greatly different circumstances."

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Gonzales cites Article 37.07 of the Texas Code of Criminal Procedure that allows the State or defense to offer evidence at punishment "as to any matter that the court deems relevant to sentencing." TEX. CODE CRIM. PRO. ANN. art. 37.07, § 3 (a) (1) (West Supp. 2013). Gonzales contends that the length of Bautista's sentence was relevant mitigating evidence. In a capital murder case in which the defendant received the death penalty, the Texas Court of Criminal Appeals found that evidence of a co-defendant's conviction and punishment is not included among the mitigating circumstances that a defendant has a right to present. *Joubert v. State*, 235 S.W.3d 729, 734 (Tex. Crim. App. 2007). We do not find that the trial court abused its discretion in excluding the evidence of Bautista's sentence. We overrule the second issue.

**Conclusion**

The judgments of the trial court are affirmed.


                         AL SCOGGINS
                         Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 5, 2014
Do not publish
[CR PM]